```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION


CHARITY M. JOHNSON,              :
                                 :
    Plaintiff,                   :
                                 :
v.                               :   CIVIL ACTION 08-425-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of                  :
Social Security,                 :
                                 :
    Defendant.                   :
```

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-nine years old, had completed a tenth-grade education, and had previous work experience as a housekeeper (Doc. 11 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to high blood pressure and the residuals from a fractured right ankle (*id.*).

The Plaintiff filed protective applications for disability benefits and SSI on November 30, 2005 (Tr. 73, 196; *see* Doc. 12, p. 1). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not perform her past relevant work, Johnson was capable of performing specified work at the sedimentary level (Tr. 13-23). Plaintiff requested review of the hearing decision (Tr. 10-12) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Johnson alleges

that:  (1) The ALJ did not properly consider the opinions and diagnoses of her treating physician; (2) she is unable to perform the full range of sedentary work; and (3) the ALJ erred in his use of the GRID (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 12).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2008).

In bringing this claim, Johnson specifically refers to a clinical assessment of pain form completed by treating physician Dr. James DeVaney, III (Doc. 11, pp. 4-12).  On this form, completed on February 25, 2006, DeVaney stated that Plaintiff has pain, but that it does not prevent functioning in everyday activities or work; he further stated that medication side effects could be expected to be severe and limit Plaintiff's

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

effectiveness due to distraction, inattention, and drowsiness (Tr. 185).

In his decision, the ALJ stated the following:

> The Administrative Law Judge rejects any contention that the claimant would be distracted by medication side effects because there is no evidence that the claimant takes any medication that would limit her ability to perform work activity.  The claimant testified she mainly takes over the counter medications.  It is recognized that the claimant takes medication for her blood pressure but there is no indication that the medication would affect her ability to concentrate.

(Tr. 22).  The ALJ gave no credit to Dr. DeVaney's opinion, noting that "it not only conflicts with the rest of the medical evidence but with Dr. DeVaney's own records" (Tr. 20).  The ALJ went on to say that he gave the form no weight because it was "dated March 29, 2007 and the last record from Dr. DeVaney is dated August 21, 2006" (Tr. 20).

The Court notes that the ALJ erred in this last finding as the date of the Pain Form was actually February 25, 2006 (Tr. 185).  The problem is not that the Form post-dates any physical examination by DeVaney, but that it pre-dates his first examination by nearly three months (*cf.* Tr. 179).  In spite of the assertion that "Dr. DeVaney was still treating Ms. Johnson at the time that he completed the Clinical Assessment of Pain form in February of 2006" (Doc. 11, p. 8), the evidence demonstrates

that he had not even seen her once.  The doctor's statements on this form can be given no weight.[2]

The Court notes that Plaintiff, in completing her applications forms, did not indicate that medication side effects were a part of her claim for disability (Tr. 73, 194-96). Likewise, forms completed during the application process fail to yield any such information (*see* Tr. 75-83; *see generally* Tr. 75-133).[3]  Furthermore, the Court notes that Johnson did not testify as to any side effects from her medications in the hearing before the ALJ (Tr. 219-32).

After consideration of the arguments made by Plaintiff and the relevant medical evidence, the Court finds no merit in this claim.

Johnson's second claim is that she is unable to perform the full range of sedentary work.  Plaintiff's argument is that because she suffers from hypertension, a non-exertional limitation, she is unable to perform a full range of sedentary work and that the ALJ failed to take this limitation into

---

[2]The Court notes that Plaintiff has proffered no argument that the date is a scrivener's error, so the Court will not discuss the possibility.

[3]The Court notes that those records do show that Plaintiff was receiving blood pressure medicines during a portion of her claim period which were causing some side effects (Tr. 92, 99, 111, 126). While Johnson's attorney has shown that these medications do cause the side effects for which complaint has been made (*see* Doc. 11, p. 10), an updated medication form, signed by Plaintiff on May 7, 2007, demonstrates that she is no longer taking those particular drugs (Tr. 134).

consideration (Doc. 11, pp. 12-15).

The Court has found no indication that the ALJ found that Plaintiff was capable of performing a full range of sedentary work. In any event, the Court notes that the ALJ listed three specific jobs which Johnson could perform, based on the physical capacity evaluation completed by her treating physician, Dr. DeVaney (Tr. 21, 232-38; *cf.* Tr. 186). The Court finds that the ALJ has taken Plaintiff's non-exertional limitation into account in making his determination that she can perform the three specified jobs. Johnson's claim otherwise is disingenuous and without merit.

Plaintiff's final claim is that the ALJ erred in his use of the GRID. More specifically, Johnson asserts that the ALJ should have applied GRID Rule 201.09 to the facts of this case to find her disabled (Doc. 11, pp. 15-19).

The fault in this argument, which Johnson concedes, is that she was not yet fifty years of age which is the minimum age to be considered for this particular Rule. Though six months short, she was not yet fifty. Furthermore, Plaintiff has not demonstrated that her ability to adapt to a new job is less than what would be expected for a person her age, as presumed by the GRID. *See Reeves v. Heckler*, 734 F.2d 519, 525-26 (11th Cir. 1984). Again, the Court notes that Johnson's own doctor indicated, less than two months before the ALJ's decision, that

she was capable of working.  The Court finds no merit in this claim.

Plaintiff has raised three claims in bringing this action. All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 6th day of March, 2009.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE